UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID INGRAM HENDERSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-244-CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of David Ingram Henderson to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Following a jury trial, Henderson was found guilty of conspiring to possess marijuana with intent to distribute and manufacturing and conspiring to manufacture marijuana. He was sentenced on March 13, 2014, to 360-month term of imprisonment and ten years of supervised release. He did not appeal the judgment.

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), § 2255 now provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Henderson's conviction became final fourteen days after his March 13, 2014 sentencing. However, he did not file the instant motion to vacate until February 19, 2016, the date he placed the motion in the prison mailing system. Thus, it appears that the motion to vacate is untimely. *See* Fed.R.App.P. 4(b)(1)(A); 28 U.S.C. § 2255(f)(1,4); *Anjulo-Lopez v. U.S.*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (citing *Moshier v. U.S.*, 402 F.3d 116, 118 (2d Cir. 2005) (unappealed criminal judgment becomes final for purposes of calculating one-year limitations period specified in § 2255 when the period for filing a notice of appeal expires)).

Before taking any further action, the Court will order Henderson to show cause why this action should not be dismissed as time-barred. Respondent will not be required to respond to the motion to vacate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that movant David Ingram Henderson shall have until **March 28, 2016,** to show cause in writing why his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should not be dismissed as time-barred. Failure to comply with this Order will result in the dismissal of this action.

Dated this 26th day of February, 2016.

*[signature]*
**UNITED STATES DISTRICT JUDGE**